UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LAURIE A. HEILWEIL,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiff,<br>v<br><br>D & A SERVICES, LLC<br>A/K/A D & A SERVICES, LLC OF IL,<br><br>           Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Laurie A. Heilweil [hereinafter "Heilweil"] on behalf of herself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, D & A Services, LLC a/k/a D & A Services, LLC of IL ("D & A"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on D & A's regular transaction of business within this district.  Venue in this district also is proper based on D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  D & A also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Heilweil is a natural person who resides at 192 Hicksville Road, Bethpage, NY 11714.

6. Heilweil is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 10, 2017, D & A, on behalf of Bank of America, N.A., sent Heilweil the letter annexed as Exhibit A. Heilweil received and read Exhibit A. For the reasons set forth below, Heilweil's receipt and reading of Exhibit A deprived Heilweil of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, D & A sent Exhibit A to Heilweil on behalf of Bank of America, N.A. in an attempt to collect a past due debt due to Second Round Limited Partnership.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Bank of America, N.A. for her individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. D & A, via Exhibit A, attempted to collect this past due debt from Heilweil on behalf of Bank of America, N.A. in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. D & A is an Illinois Professional Service Limited Liability Company and a New York Foreign Professional Service Limited Liability Company.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. D & A possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon D & A possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of D & A is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, D & A sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, D & A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Current Balance" of $9,760.60.

17. If on the date of Exhibit A Bank of America, N.A. was not accruing interest, late charges, and/or other charges on the "Current Balance" of $9,760.60 set forth in Exhibit A, then Defendant violated 15 USC § 1692e and/or 15 USC § 1692e(10) as a result of Exhibit A

setting forth the "current" balance due or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

19. Exhibit A sets forth the following: "Current Balance: $9,760.60".

20. Upon information and belief, Bank of America, N.A. continued to accrue interest, late charges, and/or other charges on the "Current Balance" of $9,760.60 set forth in Exhibit A.

21. Exhibit A failed to notify Heilweil that her "Current Balance" of $9,760.60 may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Heilweil.

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. By sending Exhibit A to Heilweil, D & A violated 15 USC 1692g.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

28. The class consist of (a) all natural persons (b) who received a letter from D & A dated between August 10, 2017 and the present, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

29. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

31. The predominant common question is whether Defendant's letters violate the FDCPA.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

33. A class action is the superior means of adjudicating this dispute.

34. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against D & A in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:       August 10, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255

Huntington, NY 11743
(631) 335-1107